JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Andrea Constand | Bruce Castor |

**(b)**  County of Residence of First Listed Plaintiff   Toronto, Canada
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Dolores M. Troiani, Esquire, Troiani & Gibney, L.L.P.
1171 Lancaster Avenue, Suite 101
Berwyn, PA 19312; (610) 688-8400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from Another District *(specify)*   ☐ 6  Multidistrict Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S. Code Section 1332(a)(2) |
|---|---|
| | Brief description of cause: Defendant defamed Plaintiff in multiple publications |

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ *Excess of* $150,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE Eduardo C. Robreno | *Closed* DOCKET NUMBER 2:05-1099/2:06-0483 |
|---|---|---|---|

DATE  10/26/15

SIGNATURE OF ATTORNEY OF RECORD   *Dolores M. Troiani*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:_____ Confidential Address in Toronto, Canada _____

Address of Defendant:_____ 26 East Athens Avenue, Ardmore, PA _____

Place of Accident, Incident or Transaction:_____ Montgomery County, Pennsylvania _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number:___ 2:05-1099 & 2:06-0483 _____ Judge Eduardo C. Robreno _____ Date Terminated:___ 2006 _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                         Yes☐   No☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                         Yes☐   No☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                         Yes☐   No☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                         Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*

1.  ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐ FELA
3.  ☐ Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
        (Please specify) _____

B.  *Diversity Jurisdiction Cases:*

1.  ☐ Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☒ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6.  ☐ Other Personal Injury (Please specify)
7.  ☐ Products Liability
8.  ☐ Products Liability — Asbestos
9.  ☐ All other Diversity Cases
        (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I Dolores M. Troiani, Esquire _____, counsel of record do hereby certify:
   ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE:___ October 26, 2015 _____          _____          ___ 21283 _____
                                                    Attorney-at-Law                        Attorney I.D.#
       **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:___ October 26, 2015 _____          _____          ___ 21283 _____
                                                    Attorney-at-Law                        Attorney I.D.#

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| ANDREA CONSTAND | : | CIVIL ACTION |
| v. | : | |
| BRUCE CASTOR | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)


| | | |
|---|---|---|
| <u>October 26, 2015</u> | <u>Dolores M. Troiani, Esquire</u> | Dolores M. Troiani, Esquire |
| Date | <u>Bebe H. Kivitz, Esquire</u> | <u>Bebe H. Kivitz, Esquire</u> |
| | Attorneys-at-law | Attorneys for Plaintiff |
| | | Andrea Constand |
| | | |
| **610-688-8400** | **610-688-8426** | **dmt@tglawoffice.com** |
| **215-732-2656** | **215-600-3534** | **bkivitz@jskhlaw.com** |
| Telephone Numbers | Fax Numbers | E-Mail Addresses |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE CASTOR, | : | |
| Defendant | : | |

## **COMPLAINT**

Plaintiff Andrea Constand, by her attorneys, Troiani & Gibney, L.L.P., and Jacobs

Kivitz & Drake LLC claims of Defendant a sum in excess of $150,000.00, and in support

thereof states the following:

### A. **Jurisdiction and Venue**

1.   Plaintiff Andrea Constand is a citizen of Canada and a resident of Toronto, Ontario.

2.   Defendant Bruce Castor is an adult residing in Lederach, Montgomery County,

Pennsylvania, whose business address is 26 East Athens Avenue, Ardmore, Pennsylvania.

3.   The United States District Court for the Eastern District of Pennsylvania has

jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1332(a)(2) as this is a civil

action between a citizen of a state and a citizen or subject of a foreign state with an amount in

controversy in excess of $75,000.

4.   Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section

1391 in that the events giving rise to the claim occurred in the Eastern District of Pennsylvania.

### B. **The Parties**

5.   Plaintiff Andrea Constand is a private individual currently residing at a confidential

address in Toronto, Canada.

1

6.    Defendant Bruce Castor is a citizen of the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant was a declared or undeclared candidate for political office.

7.    From 2000 to 2008, defendant was the District Attorney of Montgomery County.

8.    In 2014, defendant became a candidate for election to the position of District Attorney of Montgomery County and at the time of filing this Complaint, he is seeking election to the position he previously held.

## FACTUAL BACKGROUND

9.    Plaintiff incorporates by reference the prior paragraphs of this Complaint, as though fully set forth at length.

## CASTOR DECLINES PROSECUTION

10.   On or about December 2001, Plaintiff was employed at Temple University as Director of Operations for the Women's Basketball program.  By virtue of her employment, she met William H. Cosby, Jr., a television celebrity and Temple University Trustee.

11.   Cosby fostered a friendship with Plaintiff, so that over time she considered him to be both her friend and a mentor.

12.   In January 2004, Cosby invited Plaintiff to his Montgomery County, Pennsylvania home telling her that he wanted to offer her assistance in her pursuit of a different career.  During that meeting, Cosby drugged the plaintiff and sexually assaulted her.   (Complaint, Constand v. Cosby, Civ. Action No. 05-CV-1099 (E.D. Pa. 2005)).

13.   On January 13, 2005, Plaintiff reported Cosby's actions to the Durham, Ontario police.

2

14. The Ontario police forwarded the complaint to Pennsylvania authorities.

15. The assault occurred in Montgomery County, Pennsylvania and at the time of the complaint, defendant was the Montgomery County District Attorney and it was his office which was tasked with the investigation of Plaintiff's complaint against Cosby.

16. During the course of the investigation Plaintiff gave written statements to law enforcement and those statements were made available to Defendant.

17. On or about February 10, 2005, Castor stated that Cosby had given a statement to police and Castor viewed the case against Cosby to be "weak." The comment prompted Tamara Green and according to Castor "at least a handful" of other women to contact Castor with accusations against Cosby. (Tamara Green interview, Today Show 2/10/205), (Castor interview, Bloomberg Politics 11/26/14)

18. On February 17, 2005, Defendant, in his capacity as District Attorney issued a press release, a copy of which is attached hereto as Exhibit A.

19. In the press release, defendant declined to prosecute Cosby but wrote, *inter alia*, "District Attorney Castor cautions all parties to this matter that he will reconsider this decision should the need arise."

20. In violation of Pennsylvania law, defendant failed to notify the victim prior to releasing his decision to decline prosecution to the media. At that time, defendant claimed that he had asked one of the police officers to inform plaintiff, but the officer was unable to contact her.

21. Plaintiff filed a civil action against Cosby at Constand v. Cosby, Civ. Action No. 05-CV-1099 (E.D. Pa. 2005).

22. During Plaintiff's lawsuit against Cosby, Cosby was deposed and eventually the case

was resolved in 2006.

**CASTOR USES PLAINTIFF'S ALLEGATIONS IN HIS POLITICAL CAMPAIGN**

23. In November, 2014, numerous women publically accused Cosby of conduct similar to that of which Plaintiff complained in 2005.

24. On July 7, 2015 defendant told MSNBC, in an internationally televised interview that he was seeking to be re-elected as District Attorney and if re-elected he would open an investigation to determine if Cosby had perjured himself in his deposition.  He stated, "I can tear that deposition apart, and anything that I can prove is a material lie would still be subject to a perjury investigation and prosecution."   At the time he made the statement, Castor knew or should have known that the deposition did not take place in a location in Montgomery County and therefore, even if elected, he would not have jurisdiction to make such a review.

25. Castor appeared on numerous local and international media outlets, claiming that the statute of limitations had run on Plaintiff's complaint because he considered the allegations to be a misdemeanor.

26. In September, 2015 Castor learned that the Montgomery County District Attorney's Office had reopened the case because plaintiff's allegations against Cosby are a felony, which has a longer statute of limitations than a misdemeanor.

27. On September 23, 2015, the Associated Press, an internationally syndicated news outlet reported:

> Castor, the former district attorney, in announcing he would not bring charges against Cosby in 2005, said both parties could be portrayed in "a less than flattering light."

> Last week, he said Constand had lodged more serious sexual-assault allegations in the civil lawsuit than she had divulged to police. He recalled investigating the complaint as a misdemeanor case. Yet the lawsuit included allegations of digital penetration, a potential felony, he said.

"If the allegations in the civil complaint were contained with that detail in her statement to the police, we might have been able to make a case out of it," said Castor, a county commissioner who's running for another term as district attorney as Ferman gives up the post to run for judge.

28. The story was widely reported in the United States and Canada.

29. On September 13, 2015, the Philadelphia Inquirer printed an article which included the statement that Ms. Constand's statements to the police differed from those in her civil suit, which is why Castor only considered misdemeanor charges and erroneously stated that the two year statute of limitations had expired.

30. Although not attributed to Castor in print, the Inquirer reporters confirmed that Castor made the statement on the record.

31. On September 14, 2015 in reference to the article, Castor tweeted, "Inky: Cosby victim told police much different than she told court in her lawsuit. First I saw that in a story. Troublesome for the good guys. Not good." The tweet was posted on Castor's website.

**CASTOR ATTEMPTS TO THWART 2015 INVESTIGATION**

32. On September 24, 2015 Defendant gave an interview to Margaret Gibbons who is a staff writer for various print media. In the article, Castor is quoted as follows:

> "From a political standpoint, it looks really bad to move on Cosby before the election and garner, presumably, favorable press at a time when the district attorney knows there is no chance the viability of the prosecution will ever be her problem," said Castor. "The district attorney I knew would never do that."

33. The article continues: "At the same time he decided not to pursue criminal charges against Cosby, Castor said he signed off on a written declaration saying his office would not prosecute Cosby on any information coming out of the civil litigation. This prevented Cosby from citing his Fifth Amendment rights not to incriminate himself during the civil litigation according to Castor."

34. Upon request by the news media to produce the "written declaration", Castor has

stated that he was referring to the press release which is attached hereto as Exhibit A.

35. Castor's purpose in claiming that he had granted Cosby "immunity" was to bolster his claim that Plaintiff was not a credible witness and that it was her "inconsistencies" that prevented the "good guys" from proceeding with prosecution.

36. In a November 19, 2014 CNN broadcast Castor stated that Cosby was "evasive" and Constand was "credible."

37. On November 26, 2014 Castor told Bloomberg Politics in reference to Ms. Constand, "Well I don't remember what she said all these years later."

38. Upon learning in September, 2015 that the present District Attorney was considering a prosecution which would reveal that he had been wrong about the statute of limitations having run, Defendant, instead of correcting his error, chose to make Plaintiff collateral damage for his political ambitions.

39. When it was politically expedient to declare Plaintiff, "credible," Defendant did so.

40. When it appeared that his political campaign would be adversely affected he declared that a prosecution was not possible because the victim had been "inconsistent" and if that were not sufficient to deter present day prosecutors, he then declared that he had entered into an agreement which would prevent the use of evidence obtained in Plaintiff's civil litigation in any contemplated prosecution.

## CASTOR'S COMMUNICATIONS ARE DEFAMATORY

41. On October 21, 2015, the Associated Press published a story which has been reprinted throughout the United States and Canada which read:

> Castor said last month that former Temple University employee Andrea Constand had enhanced her story when she sued Cosby, calling the alleged discrepancy "troublesome for good the good guys." The woman's lawyer demanded a public apology. Castor stood his ground.

6

In the same article Castor is quoted, " 'If the allegations in the civil complaint were contained with that detail in her statement to the police, we might have been able to make a case out of it,' Castor said last month."

42. At the time, he made those statements Defendant knew the statements were false, that the statements would be disseminated in the United States and Canada, and further knew they portrayed Plaintiff as having filed a law suit which was false and exaggerated.

43. As a direct and proximate result of Defendant's actions, Plaintiff suffered extreme emotional distress, unwanted publicity and an invasion and intrusion into her private life.

44. Defendant's actions as more fully described herein were outrageous, wanton and in reckless disregard for the rights of Plaintiff.

## COUNT I

### DEFAMATION/DEFAMATION PER SE

45. Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

46. At all times relevant hereto, Plaintiff was a law abiding citizen who enjoyed the respect, confidence and esteem of her neighbors, as well as others in the community, and has never been adjudged guilty of any crime, offense or violation of the law which would tend to lessen the respect, confidence and esteem which she enjoyed, and to which she was entitled.

47. On or about, September, 2015 and at diverse times thereafter, including those noted above, Defendant Castor, intending to injure the Plaintiff and to deprive her of her good name, credit and reputation, falsely, maliciously, and wickedly provided information to multiple media outlets and other publications, too numerous to detail herein, including but not limited to internationally syndicated television shows, newspapers and internet websites, including but not

limited to the website controlled by defendant, concerning Plaintiff, which statements are more fully set forth above and which statements he knew or should have known were false and portrayed Plaintiff in a false light.

49.   The statements contained in the above publications, shows and web sites intended to and did convey to the viewers and/or readers thereof, either directly or by implication that Plaintiff had been inconsistent in her accusations against Cosby, exaggerated her claims in a law suit and therefore was not to be believed.

50.   Plaintiff's statements concerning the allegations raised in her Civil Complaint against Cosby are and have always been consistent and worthy of belief.

51.   By reason of the printing, publication, and circulation of the statements and charges contained in the articles, shows, publications, and web sites identified in the foregoing paragraphs of this Complaint, Plaintiff has been brought into scandal and reproach, and has been held up to scorn and contempt among her neighbors, business acquaintances, and other good citizens, and is suspected by them of engaging in false accusations as a result of which the Plaintiff has suffered in her business, her reputation, feelings and peace of mind, to her great financial loss and damage, and to her great humiliation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorney's fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

## COUNT II

### FALSE LIGHT/INVASION OF PRIVACY

52.     Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

53.     The statements identified in the foregoing paragraphs of this Complaint made by Defendant were highly offensive statements made against Plaintiff, which portrayed her in a false light.

54.     The statements identified in the foregoing paragraphs of this Complaint made against Plaintiff were publicized by Defendant.

55.      Defendant knew or should have known that such statements were false, or recklessly disregarded the falsity of said statements.

56.     Defendant created a false impression by knowingly or recklessly publicizing selective pieces of information, rendering the publication susceptible to inferences casting Plaintiff in a false light.

57.     By reason of defendant's aforesaid conduct, Plaintiff has suffered in her business, her reputation, feelings and peace of mind, to her great financial loss and damage, and to her great humiliation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

Respectfully submitted,

Troiani & Gibney, L.L.P.

Dolores M. Troiani, Esquire
I.D. No. 21283
1171 Lancaster Avenue, Suite 101
Berwyn, PA 19312
(610) 688-8400
(610) 688-8426 fax
dmt@tglawoffice.com
Attorneys for Plaintiff,

Jacobs Kivitz & Drake, LLC

s/ Bebe H. Kivitz
Bebe H.  Kivitz, Esquire
I.D. No. 30253
1525 Locust Street, 12th Floor
Philadelphia, PA 19102
 (215)732-2656
 (215) 600-3534 fax
bkivitz@jskhlaw.com
Attorney for Plaintiff