IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, plaintiff | : | CIVIL ACTION |
| v. | : | NO. 2:15-CV-05799-ER |
| BRUCE CASTOR, defendant | : | |

**ANSWER OF CHELTENHAM TOWNSHIP POLICE DEPARTMENT
TO DEFENDANT BRUCE CASTOR'S MOTION TO ENFORCE
<u>SUBPOENA TO THE CHELTENHAM POLICE DEPARTMENT</u>**

The Cheltenham Township Police Department ("Department") by and through its Attorneys, hereby answers Defendant Bruce Castor's Motion to Enforce Subpoena to the Cheltenham Police Department, and is support thereof avers as follows:

1. Denied. The Department is without sufficient knowledge to form a belief as to whether the documents attached to Defendant's motion were served on counsel for Plaintiff.

2. Admitted in part and denied. The Department is without sufficient knowledge to form a belief as to whether or not Plaintiff objected to the subpoena. It is admitted that a subpoena was personally served on the Department.

3. Admitted in part and denied. The Department has not "refused to comply" with the subpoena. The Department objected, in writing, to the subpoena in accordance with the applicable Federal Rules of Civil Procedure. It is admitted that a copy of the Department's written, letter objection to the subpoena is attached to Defendant's Motion as Exhibit "C".

4. Denied. The averments set forth in Paragraph 4 are conclusions of law to which no further response is required.

{01304879 }

5. Admitted in part and denied in part. It is admitted that a copy of a letter sent to counsel for the Department is attached to Defendant's Motion as Exhibit "D". It is expressly denied that the Department "refused to voluntarily comply" with the subpoena or that Counsel for the Defendant made any effort to address the Department's object to the subpoena or limit the scope of the subpoena.

6. Admitted.

7. Denied. The averments set forth in Paragraph 7 are conclusions of law to which no further response is required.

8. Denied. The averments set forth in Paragraph 7 are conclusions of law to which no further response is required.

9. Denied. The Department is without sufficient knowledge to form a belief as to truth of the averments set forth in Paragraph 9.

10. Denied. The averments set forth in Paragraph 10 are conclusions of law to which no further response is required. By way of further answer, the Department is without sufficient knowledge to form a belief as to the averments set forth in Paragraph 10.

11. Denied. The Department is without sufficient knowledge to form a belief as to the truth of the averments set forth in Paragraph 11.

12. Denied. The Department is without sufficient knowledge to form a belief as to the truth of averments set forth in Paragraph 12.

13. Denied. Denied. The Department is without sufficient knowledge to form a belief as to the truth of the averments set forth in Paragraph 13.

14. Denied. The Department is without sufficient knowledge to form a belief as to the averments set forth in Paragraph 14. By way of further answer, the document referenced in

Paragraph 14 is written document, the content of which speaks for itself, and any characterization or mischaracterization thereof by Defendant is expressly denied.

15. Denied. The averments set forth in Paragraph 15 are conclusions of law to which no further response is required. By way of further answer, the Department is without sufficient knowledge to form a belief as to the truth of the averments set forth in Paragraph 15.

16. Denied. Denied. The averments set forth in Paragraph 16 are conclusions of law to which no further response is required. By way of further answer, the Department is without sufficient knowledge to form a belief as to the truth of the averments set forth in Paragraph 16.

17. Denied. The averments set forth in Paragraph 17 are conclusions of law to which no further response is required. By way of further answer, the Department is without sufficient knowledge to form a belief as to the truth of the averments set forth in Paragraph 17.

18. Denied. The averments set forth in Paragraph 18 are conclusions of law to which no further response is required.

**WHEREFORE**, Cheltenham Police Department respectfully requests this Honorable Court to deny Defendant's Motion to Compel.

RESPECTFULLY SUBMITTED,

**WISLER PEARLSTINE, LLP**

_____
Joseph M. Bagley, Esquire

{01304879 }

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, <br> plaintiff | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO. 2:15-CV-05799-ER |
| BRUCE CASTOR, <br> defendant | : <br> : | |

**BRIEF IN SUPPORT OF ANSWER OF CHELTENHAM TOWNSHIP POLICE DEPARTMENT TO DEFENDANT BRUCE CASTOR'S MOTION TO ENFORCE SUBPOENA TO THE CHELTENHAM POLICE DEPARTMENT**

Defendant is not entitled to discovery of the Cheltenham Township Police Department ("Department") investigative file. Both common-law investigative privilege and the Pennsylvania Criminal History Record Information Act ("CHRIA"; 18 Pa. C.S. § 9101, *et seq.*) prohibit disclosure of the Department's investigative file. Further, many (if not all) of the subpoenaed records are a subset of information in the Montgomery County District Attorney's current criminal case file related to Mr. Cosby, which are protected from disclosure under Honorable Court's Order dated April 15, 2016 and the law of the case doctrine; and the subpoena is unduly burdensome. For at least the foregoing reason, the Honorable Court should deny Defendant's Motion to Enforce.

Rule 501 of the Federal Rules of Evidence provides that state privilege laws apply to civil actions over which this Court has diversity jurisdiction. *See* F.R.E. 501("in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision"). This Court has diversity jurisdiction over plaintiff's action. Therefore, Pennsylvania law regarding privilege applies to the underlying action and the subpoena at issue. *See Montgomery*

{01304959 }

*County v. Microvote Corp.*, 175 F.3d 296, 301 (3d Cir. 1999) ("[b]ecause this diversity action arises under Pennsylvania law, we apply Pennsylvania privilege law").

Criminal investigative and evidentiary materials of law enforcement agencies are protected by a common law investigative privilege. In addressing the application of the investigative privilege, the Pennsylvania Superior Court reasoned as follows:

> The federal courts, on occasion, have identified a common law "executive" or "governmental" privilege which they have relied upon to protect information from being discovered during ongoing government investigations.....This privilege, however, is not absolute but qualified; and, when asserted, requires the court to balance the government's interest in ensuring the secrecy of the documents whose discovery is sought against the need of the private litigant to obtain discovery of relevant materials in possession of the government.....This balancing of interests frequently requires a hearing, and "[a] court may conduct an *in camera* inspection of the documents in order to determine which should be released in the interests of justice despite a claim of government privilege." 23 Am.Jur.2d, Depositions and Discovery, § 78 at p. 420. Moreover, with respect to the "governmental" or "executive" privilege, it has been observed that "the great majority of cases that have considered the discoverability of law enforcement investigations have held that in general such discovery should be barred in ongoing investigations, but should be permitted when investigation and prosecution have been completed.....

*Commonwealth v. Kauffman*, 605 A.2d 1243, 1246-47 (Pa. Super. 1992).

The Department's investigative file is part of the criminal investigation of Mr. Cosby, and is (or may be) evidence in the pending criminal prosecution. The Department has a compelling interest in maintaining the confidentiality of its investigative records regarding an open criminal prosecution. As this Honorable Court reasoned in *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D.Pa. 1973), "the great majority of cases that have considered the discoverability of law enforcement investigations have held that in general such discovery should be barred in ongoing investigations, but should be permitted when investigation and prosecution have been completed[.]" *Rizzo* at 343. As a result, Defendant's request should be denied or, at a minimum, stayed pending resolution of the criminal charges which remain unresolved against Mr. Cosby.

{01304959 } 2

The Department's investigative file is protected from disclosure by CHRIA. Federal courts, while declining to hold that CHRIA creates a federal privilege, have consistently held that CHRIA is a state privilege.[1] CHRIA expressly forbids a criminal justice agency from disclosing investigative information to any person or agency that is not a "criminal justice agency." 18 Pa. C.S. § 9106(c)(4) ("[i]nvestigative . . . information shall not be disseminated to any department, agency or individual unless the department, agency, or individual requesting the information is a criminal justice agency which requests the information in connection with its duties"). Further, Courts have held that CHRIA prohibits law enforcement agencies similar to the Department from disclosing investigative materials in both the right-to-know context and civil discovery. See, e.g. *In re Cullen Litigation*, 2007 Pa. Dist. & Cnty. Dec. LEXIS 1, at 23-24 (Lehigh County CCP 2007). *Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Commw. 2014); *Coley v. Phila. Dist. Attorney's Office*, 77 A.3d 694, 697.

The Department is a criminal justice agency. Defendant is a private individual. Accordingly, CHRIA prohibits the Department from releasing its investigative file to Defendant. *See* 18 Pa. C.S. § 9106(c)(4) ("[i]nvestigative . . . information shall not be disseminated to any department, agency or individual unless the department, agency, or individual requesting the information is a criminal justice agency which requests the information in connection with its duties").

The subpoena is unduly burdensome to the Department. A blanket request for a general category of records – such as a "entire investigative file" is insufficient. A subpoena *duces tecum* should not become a search warrant, requiring a witness to produce broad categories of

---

[1] This Honorable Court found that CHRIA is a state-law privilege. *Griffin-El v. Beard*, 2009 U.S. Dist. LEXIS 48371, 45 (E.D.Pa. 2009) (CHRIA "created a state privilege").

items which the party can search to find what may be wanted. The desired documents, books or papers should be designated with sufficient particularity as to affirmatively suggest their existence and materiality and so describe them that any reasonable person can identify them.

## CONCLUSION

For at least the foregoing reasons, the Department respectfully request that this Honorable Court deny Defendant's Motion to Enforce.

                                              Respectfully submitted,

                                              WISLER PEARLSTINE, LLP

                                              Joseph M. Bagley, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, plaintiff | : : : | CIVIL ACTION |
| v. | : : : | NO. 2:15-CV-05799-ER |
| BRUCE CASTOR, defendant | : : | |

## PROPOSED ORDER

On this ____ day of _____, 2016, upon consideration of Defendant Bruce Castor's Motion to Enforce Subpoena to the Cheltenham Police Department, and the Cheltenham Police Department's Answer thereto, it is hereby ordered that Motion is denied. Defendant's subpoena is hereby quashed.

_____
                                                J.

{01304879 }

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | CIVIL ACTION |
| plaintiff | : | |
| v. | : | NO. 2:15-CV-05799-ER |
| | : | |
| BRUCE CASTOR, | : | |
| defendant | : | |

**CERTIFICATE OF SERVICE**

    I, Joseph M. Bagley, Esquire, hereby certify that on September 7, 2016 a copy of the Answer of Cheltenham Township Police Department to Defendant Bruce Castor's Motion to Enforce Subpoena to the Cheltenham Police Department, and Brief in Support thereof, was served by first class mail on the following:

Dolores M. Troiani, Esquire
Troiani & Gibney, LLP
1171 Lancaster Avenue, Suite 102
Berwyn, PA 19312
*Attorney for Andrea Constand*

Bebe H. Kivitz, Esquire
Jacobs Kivitz & Drake, LLC
1525 Locust Street, 12th Fl.
Philadelphia, PA 19102
*Attorney for Andrea Constand*

Samuel W. Silver, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
*Attorneys for William Cosby*

Angela C. Argusa, Esquire
Liner, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3518
*Attorneys for William Cosby*

Robert M. Falin, Esq.
Office of the District Attorney
Montgomery County Courthouse
P.O. Box 311
Norristown, PA. 19404-0311
*Attorneys for District Attorney of Montgomery County*

Robert Connell Pugh, Esquire
Kane, Pugh, Knoell, Troy & Kramer LLP
510 Swede Street
Norristown, PA 19401
*Attorneys for Bruce Castor*

WISLER PEARLSTINE, LLP

_____
Joseph M. Bagley, Esquire

{01304970 }