```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANDREA CONSTAND,                  :
                                  :     CIVIL ACTION
          Plaintiff,              :     NO. 15-5799
                                  :
     v.                           :
                                  :
BRUCE CASTOR,                     :
                                  :
          Defendant.              :
```

## O R D E R

**AND NOW**, this **3rd** day of **October, 2016**, it is hereby **ORDERED** that Defendant Bruce Castor's Motion to Enforce Subpoena (ECF No. 65) is **DENIED**.[1] Defendant's Motion for Leave to File a Reply (ECF No. 71) is **GRANTED**.

---

[1] Castor seeks the Cheltenham Police Department's entire investigative file on the matter of William H. Cosby, Jr./ Andrea Constand. Mot. Enforce Subpoena ¶ 1, ECF No. 65. In response, the Department contends that common-law investigative privilege and statutory privileges created by Pennsylvania's Criminal History Record Information Act ("CHRIA") protect the Department from being forced to release the file. The investigative privilege allows agencies to "protect information from being discovered during ongoing government investigations." Commonwealth v. Kauffman, 605 A.2d 1243, 1246 (Pa. Super. Ct. 1992). And CHRIA states that "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties." 18 Pa. Cons. Stat. § 9106(c)(4).

Castor does not appear to dispute that these privileges apply. Instead, he argues that he should receive the requested documents, notwithstanding any applicable privileges, because he has a "substantial need" for them under the circumstances of this case. See Fed. R. Civ. P. 45(d)(3)(C)(i).

Federal Rule of Civil Procedure Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that "requires

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,   J.**

---

disclosure of privileged or other protected matter, if no exception or waiver applies." Castor contends that an exception does apply here: the "substantial need" exception, which states that "[i]n the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C). Under the plain language of this rule, it applies to Rule 45(d)(3)(B), which allows – but does not require – a court to quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information," or "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Clearly, if a subpoena raises those issues, a party's substantial need for the information can be found to be paramount. But the privileges invoked here do not fall under the purview of Rule 45(d)(3)(B), which appears to be the limit of the exception's reach. That is, the Rule 45 substantial need exception, by its own terms, is relevant only where a subpoena raises issues of trade secrets or of disclosing the opinions of unretained experts – it is not a catchall exception creating a mechanism through which any privilege can be circumvented. Accordingly, the substantial need exception of Rule 45(d)(3)(C) does not apply here.

Castor also cites one case from this Court to support his argument: Cooney v. Booth, 198 F.R.D. 62 (E.D. Pa. 2000) (Robreno, J.). In Cooney, the Court noted that a party's substantial need for information can trump the work product privilege. Id. at 66 n.7. But that discussion referred specifically to Rule 26(b)(3) – which contains its own substantial need exception, applying only to the work product privilege – not to Rule 45(d)(3)(C). The work product privilege is not at issue here, so Cooney and the exception it discussed are also inapplicable.

To summarize, Castor has identified substantial need exceptions that can overcome the work product privilege, the protection of trade secrets, and efforts not to disclose certain information from unretained experts. But he has not identified a substantial need exception that trumps the investigative privilege or CHRIA. Thus, even if the Court assumes that Castor has a substantial need for the requested file, his substantial need does not overcome the asserted privileges, and the Cheltenham Police Department cannot, under Rule 45(d)(3)(A)(iii), be required to comply with Castor's subpoena.