```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,                  :    CIVIL ACTION
                                  :    NO. 15-5799
        Plaintiff,                :
                                  :
    v.                            :
                                  :
BRUCE CASTOR,                     :
                                  :
        Defendant.                :
```

**O R D E R**

**AND NOW**, this **6th** day of **December, 2017,** upon consideration of Plaintiff's Motion to Show Cause Why Defendant's Summary Judgment Motion Should Not Remain Under Seal and to Defer a Decision on this Motion and Permit Plaintiff to Take Discovery Regarding Defendant's Actions Regarding This Motion and Proof of Actual Malice in the Underlying Claim (ECF No. 137) and Defendant's response thereto (ECF No. 138), it is hereby **ORDERED** that the motion is **DENIED** as follows:

1.  The motion is **DENIED** to the extent that it seeks to maintain the interim seal on Defendant's motion for summary judgment (ECF No. 136).[1]  The interim seal is lifted and Defendant's motion for summary judgment shall be publicly filed.

---

[1] A party may seek a protective order under Rule 26(c) relating to discovery materials or a deposition "for good cause" shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking the protective order bears the burden of showing good cause. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994). In Pansy, the Third Circuit set forth several factors courts should consider before issuing protective orders, including:

(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.  See id. at 787-91.

In support of his motion for summary judgment, Defendant has attached 15 exhibits, including the complaint in this action; excerpts from the transcripts of the depositions of Plaintiff, Defendant, and Brian P. Miles in this action; a Montgomery County District Attorney's Office press release; various documents filed in Constand v. Cosby, 05-1099, including the complaint, the Court's July 6, 2015, memorandum regarding the unsealing of the transcript of Cosby's deposition, and Plaintiff's July 8, 2015, motion for injunctive relief; the complaint in the 2015 criminal case against Cosby; newspaper articles; and various materials from the Cheltenham Township Police Department and Montgomery County Detective Bureau's investigation of Plaintiff's 2005 sexual assault allegations against Cosby, including the transcript of their interview with Plaintiff, the investigation interview report, the investigation interview record, and the complaint.

Plaintiff argues that Defendant's motion for summary judgment and supporting exhibits must be kept under seal because (1) she has a legitimate interest in her medical treatment, counseling, history, or other personal information remaining private; (2) unsealing the documents would allow the jury pool to be exposed to inadmissible evidence; and (3) Defendant is improperly using the motion for summary judgment to taint the jury pool in this case and the upcoming criminal trial.  See Pl.'s Mem. Law, ECF No. 137.

Although Plaintiff states that she has an interest in her sensitive personal information remaining private, Plaintiff does not point to any such information that is included in Defendant's motion or supporting exhibits.  Instead, Plaintiff, acknowledging that Defendant omitted the pages of her deposition containing sensitive personal information, argues that she cannot defend against the motion without reference to the omitted pages.  To the extent that Plaintiff seeks to include sensitive personal information her response, she may move to file her response under seal.  Plaintiff's potential desire to file her response under seal does not provide a basis for Defendant's motion to remain under seal.  Indeed, the vast majority of the documents Defendant attaches in support of his motion are publicly-available documents, such as newspaper articles, press releases, and public court filings in other cases.

With respect to Plaintiff's second argument, Plaintiff has not identified any case law supporting her assertion that documents

      2.   The motion is **DENIED** to the extent that it seeks additional discovery.  If Plaintiff believes additional discovery is necessary in order for her to present facts essential to justify her opposition to Defendant's motion for summary judgment, Plaintiff may file an affidavit or declaration in connection with her response to Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).  The affidavit or declaration should include specified reasons that the additional discovery sought is necessary for Plaintiff to present facts essential to justify her opposition to the motion.  <u>See</u> Fed. R. Civ. P. 56(d).  To the extent additional discovery is sought for some other purpose, Plaintiff may file a motion to amend the scheduling order to extend the deadline for the close of fact discovery pursuant to Federal Rule of Civil Procedure 16.

---

filed in civil litigation may be kept confidential on the basis that they contain inadmissible evidence.  To the extent Plaintiff believes that certain exhibits Defendant attached to his motion would not be admissible at trial, Plaintiff is free to argue in her opposition to the motion for summary judgment that Defendant would be unable to produce admissible evidence to support or dispute the facts at issue.  <u>See</u> Fed. R. Civ. P. 56(c)(2) (providing that, in responding to a motion for summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

    Finally, Plaintiff's argument that Defendant's motion represents an attempt to taint the jury pool in this case and Cosby's criminal trial is mere speculation unsupported by facts or law.

3. Plaintiff shall file a response to Defendant's motion for summary judgment by **December 20, 2017.**

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,   J.**