IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND<br>    Plaintiff | : <br> :   CIVIL ACTION <br> : |
| v. | :   NO. 2: 15-CV-05799-ER <br> : |
| BRUCE CASTOR,<br>    Defendant | : <br> : |

**AFFIDAVIT OF BEBE H. KIVITZ AND DOLORES M. TROIANI IN SUPPORT OF PLAINTIFF'S APPLICATION TO REOPEN DISCOVERY IN ORDER TO RESPOND FULLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Bebe H. Kivitz, Esquire
JACOBS KIVITZ & DRAKE LLC
1525 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 732-2656
bkivitz@jacobs-kivitz-drake.com

Dolores M. Troiani, Esquire
TROIANI & GIBNEY LLP
1171 Lancaster Avenue, Suite 101
Berwyn, PA 19312
(610) 688-8400
dmt@tglawoffice.com

*Attorneys for Plaintiff Andrea Constand*

Bebe Kivitz and Dolores M. Troiani, being duly sworn, hereby depose and say:

1. As counsel for Plaintiff Andrea Constand in the above-captioned action, we are fully familiar with the facts concerning this matter. We respectfully submit this affidavit in support of Plaintiff's application for the ability to take additional discovery to supplement her opposition to Defendant's Motion for Summary Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 56(d).

2. Plaintiff makes this application without waiving the right to oppose Defendant's motion on any grounds including, without limitation, those already raised in this reply.

3. Plaintiff requests additional discovery pursuant to Rule 56(d) as to the following:
    a. Defendant Bruce Castor filed a complaint against Plaintiff, her counsel, and their law firms on November 2, 2017 with the Philadelphia Court of Common Pleas, alleging claims of abuse of process and civil conspiracy. A copy of the complaint is <u>not</u> attached, as plaintiff does not wish to publish more than it already has been.
    b. Defendant signed the verification on November 1, 2017.
    c. In the complaint, Defendant accuses Plaintiff and her counsel of running a "smear" campaign against him, in order to destroy his political career. He inserts a chart into his complaint of what he contends Plaintiff's inconsistencies were in speaking to detectives in 2005, and takes credit for making Plaintiff's civil suit possible. The instant defamation suit against Defendant has not terminated, and Defendant fails to identify a legal process as the basis for his abuse of process claim. Therefore, Defendants have filed preliminary objections.

d.  Based on a phone call from Jenny Dehuff, a journalist with Philly Voice, to both Bebe H. Kivitz and her counsel Jeffrey McCarron, Esq. on the morning of November 2, 2017, Plaintiff believes that Defendant and/or his counsel provided a copy of the complaint to Ms. Dehuff the night <u>before</u> the complaint was filed with the court.

e.  Insofar as Defendant's complaint alleges that Plaintiff and her counsel sued Defendant to try and stop him from being elected to the office of District Attorney and to support his opponent, this allegation is made despite Defendant's April 2016 response to Plaintiff's Requests for Admissions in this defamation case:

No. 16. In September 2015, you believed an arrest of Cosby would adversely affect your chances of winning the election.

Response: Denied. Former District Attorney Castor never believed that an arrest of Cosby would adversely affect the district attorney election or affect the outcome in any way.

f.  Defendant also uses the complaint as an opportunity to provide a "roadmap" for what he perceives as inconsistencies in Plaintiff's statements to law enforcement in 2005, presumably to aid in cross-examination at the upcoming retrial of Mr. Cosby, and to taint potential jurors.

g.  Upon information and belief, Defendant filed this complaint and published it to The Philly Voice outside of the judicial proceedings to continue to defame Plaintiff. <u>See</u>, e.g., <u>Bochetto v. Gibson</u>, 515 Pa. 159 (Pa. 2003).

h.  Plaintiff's counsel also learned that William Cosby's press representative, Andrew Wyatt, forwarded a copy of Defendant's abuse of process complaint also outside of the judicial proceedings, to at least one other journalist, (but probably more) with a note, stating "here it is".

    i. Proof of Defendant's intention to defame Plaintiff and her counsel is relevant to these proceedings, and constitutes additional evidence of Defendant's state of mind and actual malice at the time he published his 2015 defamatory comments about Plaintiff. (Republication of defamatory statement used as evidence of publisher's state of mind and actual malice in regard to the prior publication; second publication following notice 'tends to indicate a disregard for the truth'), Weaver v. Lancaster Newspaper, Inc., 926 A.2d 899 (Pa. 2007).

    j. Mr. Wyatt's and Defendant's publications of Defendant's abuse of process complaint outside the judicial proceedings constitutes defamation. Bochetto v. Gibson, id.

4. Plaintiff requests the following discovery, in order to complete fully her response to Defendant's Motion for Summary Judgment:

    a. Communications between Defendant, Mr. Beasley, his counsel, and /or his representatives and Mr. Cosby and Mr. Wyatt, his representative, concerning commencing and publishing Defendant's action.

    b. Mail, texts, and emails as how Mr. Wyatt received the complaint, and notice regarding same.

    c. Discovery (court order) to Jenny Dehuff, The Philly Voice, concerning how and from whom she received Defendant's complaint <u>before</u> it was filed with the court, and any accompanying communications.

    d. All communications between Defendant, and/or his counsel and The Philly Voice or Jenny Dehuff.

    e. Emails and texts and telephone records between Defendant and Cosby's representatives pertinent to Defendant's complaint, sharing it with the public, this defamation action against Defendant, and preparation for Cosby criminal retrial.

    f. Depositions of Bruce Castor and third parties Jenny Dehuff, James Beasley, Jr., Andrew Wyatt, and possibly Bill Cosby.

5. Defendant's complaint was filed after discovery was closed, and therefore, Plaintiff had no previous opportunity to conduct discovery into these issues.

6. This discovery is necessary to supplement Plaintiff's reply to the motion with additional evidence of Defendant's state of mind and actual malice in July 2015. See, Weaver id.

7. ARGUMENT

Defendants' Rule 56(d) Motion

Rule 56(d), formerly Rule 56(f), provides that:

> If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> 1. defer considering the motion or deny it;
> 2. allow time to obtain affidavits or declarations or to take discovery; or
> 3. issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Courts usually grant properly filed Rule 56(f) motions 'as a matter of course.'" See St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir, 1994) (finding that trial court acted "prematurely" in considering merits of summary judgment motion "while significant discovery was yet to be had ").

Courts have interpreted Rule 56(d) to provide that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to

present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion or deny the motion in its entirety. Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997). "The purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." Dickens v. Whole Foods Market Group, Inc., Civ. No. 01-1054, 2003 WL 21486821, at n. 5 (D.D.C. Mar. 18, 2003) (citation omitted).

Plaintiff's discovery requests here are based on new information which did not become available to her until November 2, 2017, and are essential to her response.

FACTS SOUGHT BY PLAINTIFF AND HOW THEY ARE TO BE OBTAINED

Plaintiff requests to proceed with document requests followed by depositions of the individuals, including defendant, identified here who have knowledge. Plaintiff will seek a court order as to obtaining discovery from The Philly Voice publication and Ms. Dehuff.

WHY THIS EVIDENCE CREATES A GENUINE ISSUE OF FACT

Plaintiff has raised in her reply Defendant's actions in continuing to defame her after July 2015, e.g., testifying in February 2016, buttressing his original defamation by adding that Plaintiff's motive was extortion and that she had wiretapped conversations with Cosby and his representatives, which was a "felony", even though Defendant knew that those allegations were untrue. His abuse of process complaint is designed to continue to defame Plaintiff. The Court must also consider Defendant's publications and continuing behavior after the date of the original defamatory statements in determining Defendant's malice, because republication of a defamatory statement is relevant and admissible substantial evidence to prove the publisher's

state of mind concerning actual malice in regard to the initial publications. Weaver v. Lancaster Newspaper, Inc., 592 Pa. 458, 926 A.2d 899 (Pa. 2007). Based on information obtained by the Plaintiff, there are reasonable grounds to believe that the further discovery requested herein will assist Plaintiff to assert genuine, triable issues of material fact.

I declare, under pains of perjury, that the above is true and correct to the best of our knowledge.

*Bebe H. Kivitz*
Bebe H. Kivitz
Jacobs Kivitz & Drake LLC
1525 Locust Street, 12th Floor
Philadelphia, PA 19102
(215)732-2656 (direct)
Counsel for Plaintiff

*Dolores M. Troiani*
Dolores M. Troiani, Esquire
Troiani & Gibney LLP
1171 Lancaster Avenue, Suite 101
Berwyn, PA 19312
Counsel for Plaintiff