UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| ANDREA CONSTAND | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2:15-CV-05799-ER |
| v. | : | |
| | : | |
| BRUCE CASTOR | : | |
| Defendant. | : | |

## MOTION OF DEFENDANT BRUCE CASTOR FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Bruce Castor, hereby moves this Honorable Court for leave to file a reply brief in support of his motion for summary judgment. A copy of the reply brief is attached hereto as Exhibit "A."

WHEREFORE, Defendant Bruce Castor, respectfully requests that this Honorable Court grant his motion for leave to file a reply brief and accept the brief attached to this motion.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**

BY:  /s/ Justin A. Bayer, Esquire
     JUSTIN A. BAYER, ESQUIRE
     ROBERT CONNELL PUGH, ESQUIRE
     Attorney ID Nos. 93546 / 62566
     510 Swede Street
     Norristown, PA  19401
     Phone:  610-275-2000
     Fax:  610-275-2018
     Email:  jbayer@kanepugh.com
     *Attorneys for Bruce Castor*

Dated: January 2, 2018

00214717.1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND | : | |
| Plaintiff, | : | |
| | : | CASE NO. 2:15-CV-05799-ER |
| v. | : | |
| | : | |
| BRUCE CASTOR | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2018, upon consideration of the Motion of Defendant, Bruce Castor, for Leave to File a Reply to the Response of Plaintiff to Defendant's Motion for Summary Judgment, it is hereby ORDERED that said Motion is GRANTED and Defendant's Reply Brief attached to the Motion shall be deemed to be FILED as of the date of this Order.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

00214717.1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA CONSTAND | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2:15-CV-05799-ER |
| v. | : | |
| | : | |
| BRUCE CASTOR | : | |
| Defendant. | : | |

**REPLY BRIEF OF DEFENDANT, BRUCE CASTOR, TO THE RESPONSE OF PLAINTIFF TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

Plaintiff continues to do everything possible to muddy the waters of this case, but what cannot be ignored is that this lawsuit is premised upon two statements attributed to Defendant Castor which amount to: (1) Plaintiff gave inconsistent statements to the police, and (2) if Plaintiff had told police what she pled in her 2005 civil lawsuit, Defendant Castor might have been able to prosecute the case. Despite all of the personal animus and vitriol directed at Defendant Castor, the first statement is unquestionably true and the second is his opinion.

**II.    Summary Judgment is proper because Plaintiff fails to point to any material disputed fact that would necessitate a jury trial.**

Plaintiff's Response to Defendant's Motion for Summary Judgment completely ignores the Federal Rules of Civil Procedure and well-settled common law. Plaintiff "disputes", "objects to", or in some cases ignores, every single proposed undisputed fact set forth by Defendant in his Statement of Undisputed Facts, even something as fundamental as the date she filed her civil complaint and the fact that she alleged financial and emotional damages. *See* Plaintiff's Response and Objections to Defendant's Undisputed Facts. Further, in her own Statement of Undisputed Facts, Plaintiff offers unsupportable conjecture and fails to provide a single reference to the record,

00214717.1

a violation Fed. R.C.P. 56.  *See* Plaintiff's Brief pages 2-4.  Pursuant to Fed. R.C.P. 56(c)(3) and (e), Defendant asks this Honorable Court to disregard Plaintiff's Statement of Undisputed Facts, only consider Defendant's facts undisputed, and enter judgment in his favor.

Under the Federal Rules of Civil Procedure, the Court is not required to undertake an independent search of the record, but need only consider "cited materials." *Id.* at 56(c)(3). Here, Plaintiff has undertaken virtually no effort to cite to "particular parts of materials in the record," to support her claims. This is improper and insufficient to meet her burden.  Notwithstanding this critical failure to provide adequate record citations, the record cites Plaintiff provides elsewhere in her brief are insufficient, focus almost exclusively on the issue of malice, and ignore the threshold issues raised by Defendant, namely that the statements are not defamatory, are opinions, and are true.

**III.    Plaintiff provides no admissible evidence to support her opposition to Summary Judgment, and fails to meet her burden under Rule 56.**

Plaintiff's repeated references to Mr. Castor's testimony during a court proceeding in February 2016 are not admissible and not relevant to Plaintiff's cause of action brought on October 26, 2015.  Accordingly, all references to court testimony in February 2016 should be stricken pursuant to Fed. R.C.P. 56(c)(2) regarding inadmissible evidence.  Under the law of the Commonwealth, "statements made by judges, attorneys, witnesses and parties in the court of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation." *See Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. 1991).

Further, the complained of testimony is well beyond the scope of the alleged defamatory statements at issue in this case.  Plaintiff filed her Complaint on October 26, 2015 alleging that she was damaged by the September and October statements attributed to Castor.  *See* Plaintiff's Complaint.  The statements at issue in the Complaint do not mention, either directly or indirectly

perjury, extortion, or any other alleged crime. Plaintiff never amended her complaint to include any additional allegations. Instead, she now seeks to make new, previously unpled allegations of defamation the basis for why her claims should survive Summary Judgment. All new, unpled allegations of defamatory statements should be disregarded.

Defendant's Motion for Summary Judgment lays out his argument for why, as a matter of law, the complained of statements are not capable of a defamatory meaning, reflect his opinion, and are true. Rather than responding to those arguments, Plaintiff instead shifts the focus to inadmissible and exaggerated claims of malice. The Court need not even address the issue of malice because, as a threshold matter, Plaintiff cannot meet her burden of proof.

Further, in her response, Plaintiff does not point to any admissible evidence that would show her reputation was harmed by the alleged statements made in September and October of 2015. After extensive discovery, Plaintiff could not provide a single name of a person who allegedly changed their opinion of her because of the alleged defamation. Plaintiff cannot claim lost clients or profits, as she withdrew this claim as unsupported, and therefore the references to lost clients in her motion should be ignored. Plaintiff did not identify any neighbor whose opinion of her changed as a result of Mr. Castor's statements. Instead, Plaintiff relies on anonymous comments made on the internet, admitting that she does not know the identity of any commenter. As Plaintiff does not know any commenter's identity, she cannot know what their opinion was of her prior to the alleged defamatory statements, if the individual's opinion of her changed because of these statements, or if the anonymous comments were even based on upon the alleged defamatory statements. Plaintiff offers this Court no basis to find that damages may be based upon anonymous internet comments made by unidentified individuals with no way of testing whether the comments were even based upon the alleged defamatory statements.

To the extent Plaintiff now alleges Defendant Castor's recollection of originally investigating the case as a misdemeanor was defamatory, that statement is unquestionably true. First, as District Attorney, it was Defendant Castor's investigation. Second, allegations of conduct that would be classified as misdemeanors were made.

## IV.     Plaintiff's request to re-open discovery should be denied.

Defendant's Summary Judgment Motion is based on the reality that now, after the close of discovery, Plaintiff will not be able to meet her burden of proof to sustain her claims. The additional discovery Plaintiff now seeks is not necessary to defend against Summary Judgment or rebut the legal arguments made in the Motion. Defendant's Motion is not premature. This lawsuit was filed over two years ago. Plaintiff alleged on October 26, 2015 that she sustained damages because of the statements made in September and October of 2015 but is unable to prove any such damages. Plaintiff evidently made the bald assertion of damages without first ascertaining she indeed had any damages. Defendant has established that the statements are not capable of defamatory meaning, reflect his opinion, and are true. Additional discovery is not necessary for Plaintiff to assert her counter-argument on these threshold issues. Plaintiff should have identified damages she supposedly suffered *before* filing a lawsuit. Two years into the case and after extensive discovery, she still has no proof.

Moreover, there is not a single shred of evidence to support Plaintiff Counsel's repeated and unsubstantiated allegations that Mr. Castor is trying to assist Cosby in his criminal case, a theory Plaintiff has been alleging for the past two years with no basis whatsoever. This Court already said that **"[f]inally, Plaintiff's argument that Defendant's motion represents an attempt to taint the jury pool in this case and Cosby's criminal trial is mere speculation unsupported by facts or law."** *See* Court Order of December 6, 2017 [ECF number 139]. Concerning the Philadelphia civil complaint filed by Mr. Castor, the matter was initiated by

00214717.1                                                          4

issuance of a writ to toll the statute of limitations. Incredibly, after filing a rule to file a complaint, Plaintiff now complains that Defendant Castor complied with the request. Regardless, that action of is no moment to any issue properly before this Court.  Mr. Castor respectfully requests that the motion to reopen discovery be denied.

V. **Plaintiff's choice of law argument is untimely, prejudices Defendant, but ultimately is inapposite to the issues raised in Defendant's Motion for Summary Judgment.**

When Plaintiff instituted this action in the United States District Court for the Eastern District of Pennsylvania, she knew she was a citizen and resident of Canada. Plaintiff has offered no compelling reason for why this action was filed in the United States District Court for the Eastern District of Pennsylvania 10 days before the 2015 Montgomery County District Attorney Election.  Rule 44.1 of the F.R.C.P. mandates that a party who intends to raise an issue of foreign law must give notice.  While Rule 44.1 does not require that notice be given in pleadings, it does require notice to be reasonable.  *See* Fed. R.C.P. 44.1 Advisory Committee Notes; *see also Berger v. Cushman & Wakefield of Pa., Inc*.  2017 U.S. Dist. LEXIS 132587.  Plaintiff argues for the first time in her response to summary judgment that Canadian law should apply to *all* issues in this case after giving notice on 10/16/17.

Plaintiff selected this venue. Plaintiff's response fails to offer any justification for why this suit could not have been brought in Canada or any explanation as to why this entire controversy should now be decided pursuant to Canadian law and not the law of the venue Plaintiff selected. Moreover, it is obvious Constand's own Complaint — which framed the parties' approach to discovery — presumed Pennsylvania law would apply.[1] Plaintiff's failure to provide notice that

---

[1] Plaintiff's Complaint purports to state a claim for false light invasion of privacy (See Ex. A to Defendant's Motion for Summary Judgment at Count II).  In his report attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, Canadian attorney Peter M. Jacobsen concedes at ¶52 that "The tort of false light is recognized under the common law of Ontario. ***However, the courts have yet to develop the tort and have not made any findings of the tort based on the circumstances of the cases before the Ontario courts***." *(emphasis added)*.

00214717.1                                          5

she intended to seek the application of Canadian law to the entire controversy prejudices Defendant, who relied on Plaintiff pleading Pennsylvania law in her Complaint to form a defense. Plaintiff's pleading Pennsylvania law in her Complaint effectively waived her request to apply Canadian law at the last minute, as she realizes her claims are meritless and hopes to needlessly further this litigation.

Further, and most significantly, choice of law analysis is unnecessary to the foremost issues in Defendant's Motion for Summary Judgment, i.e., whether truth is a defense and whether an opinion is actionable. Pennsylvania employs a two-step framework to choice of law questions. *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 467 (E.D. Pa. 2010) (*citing Atl. Pier Assocs., LLC v. Boardakan Rest. Partners*, 647 F. Supp. 2d 474, 486-87 (E.D. Pa. 2009)). The first step of the analysis is to determine whether there is any actual conflict between the two potentially applicable bodies of law. *Id (citing Hammersmith v. TIG Ins. Co*., 480 F.3d 220, 230 (3d Cir. 2007)). If the same result would ensue under the laws of the forum state and those of the foreign jurisdiction, then no conflict exists, and the court may avoid the choice of law question altogether. *Id.* Here, the application of Canadian law versus Pennsylvania law makes no difference in whether truth is a defense and whether an opinion is actionable. The laws of each forum are consistent and produce the same result. Accordingly, this Court need not engage in a choice of law analysis in deciding the foremost issues in Defendant's Motion for Summary Judgment.[2]

If this Court finds that Plaintiff did not waive the issue and that it is necessary to conduct a choice of law analysis, this Court should apply Pennsylvania law. It is true that many courts applying Pennsylvania law have stated that the state of a plaintiff's domicile is the forum with the greatest interest in that plaintiff's defamation claim. *Press v. United Airlines, Inc*., 2012 U.S. Dist.

---

[2] Defendant does not concede that Canadian law applies in this case. Because a finding that Defendant's first statement is true and the second is his opinion would result in summary judgment in his favor, Defendant need not address the issue of damages in this reply brief.

LEXIS 62031, at *24 (M.D. Pa. 2012) (*citing Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 471 (E.D. Pa. 2010)). "However, many of those decisions were based upon reputational damage that occurred in that state, *see, e.g., Marcone v. Penthouse Int'l Magazine for Men*, 754 F.2d 1072, 1077 (3d Cir. 1985); cf. Restatement (Second) of Conflict of Laws § 150(2) (1971) ('When a natural person claims that he has been defamed by an aggregate communication, the state of most significant relationship will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state.")." *Id.* In this case, for reasons set forth in Defendant's Motion for Summary Judgment, Plaintiff has failed to establish that she suffered any reputational damage in Canada whatsoever.  The Court in *Press* found that because it was unclear whether any of the publication ***and ensuing reputational harm*** occurred in the state where Plaintiff was domiciled, there was insufficient evidence at to determine the appropriate choice of law and the issue could not yet be decided. *Id. (emphasis added).* Here, Plaintiff has provided insufficient evidence of reputational harm in Canada or elsewhere.  Following the reasoning of the *Press* court, such a finding in this context warrants a finding that the law of the forum should control.

## VI.    Conclusion

Plaintiff has failed to meet her burden under Rule 56 by failing to "cite to particular parts of materials in the record" that create genuine disputes as to material facts regarding essential elements of her claims.  Therefore, for the foregoing reasons and the reasons set forth in Defendant's Motion, Defendant respectfully requests that this Honorable Court grant his motion, entering summary judgment in his favor.

       Respectfully submitted,

       **KANE, PUGH, KNOELL, TROY & KRAMER LLP**

       BY:   <u>/s/ Justin A. Bayer, Esquire</u>
       JUSTIN A. BAYER, ESQUIRE
       ROBERT CONNELL PUGH, ESQUIRE
       Attorney ID Nos. 93546 / 62566
       510 Swede Street
       Norristown, PA 19401
       Phone: 610-275-2000
       Fax: 610-275-2018
       Email: jbayer@kanepugh.com
       *Attorneys for Bruce Castor*

Dated: <u>January 2, 2018</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2:15-CV-05799-ER |
| v. | : | |
| | : | |
| BRUCE CASTOR | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

     I, JUSTIN A. BAYER, ESQUIRE, hereby certify that a true and correct copy of the Motion of Defendant Bruce Castor for Leave to File a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, was served upon all counsel of record via the Court's electronic filing system and US First Class Mail, postage pre-paid, on the date set forth below.

     Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**

BY:   /s/ Justin A. Bayer, Esquire
JUSTIN A. BAYER, ESQUIRE
ROBERT CONNELL PUGH, ESQUIRE
Attorney ID Nos. 93546 / 62566
510 Swede Street
Norristown, PA  19401
Phone:  610-275-2000
Fax:  610-275-2018
Email:  jbayer@kanepugh.com
*Attorneys for Bruce Castor*

Dated: January 2, 2018