IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | CIVIL ACTION |
| | : | NO. 15-5799 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE CASTOR, | : | |
| | : | |
| Defendant. | : | |

## **O R D E R**

**AND NOW**, this **16th** day of **October, 2018**, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 140), Plaintiff's response (ECF No. 141), Defendant's Motion for Leave to File a Reply (ECF No. 142), Defendant's Motion for Leave to File a Supplemental Brief (ECF No. 150), and Plaintiff's Motion for Leave to File a Response (ECF No. 151), it is hereby **ORDERED** that:

1. Defendant's Motion for Summary Judgment (ECF No. 140) is **DENIED** with respect to Defendant's September 23, 2015 statement and September 14, 2015 statement.[1]

---

[1] Summary judgment is awarded under Federal Rule of Civil Procedure 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Liberty Mut. Ins. Co. v. Sweeney, 689 F.3d 288, 292 (3d Cir. 2012). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the Court views all facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party, who must "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 250 (internal quotations omitted).

In the instant case, Plaintiff has brought claims for defamation and false light/invasion of privacy for statements made in 2015 by Defendant regarding his 2005 decision as District Attorney not to prosecute Mr. William H. Cosby, Jr. after Plaintiff accused Mr. Cosby of sexual assault. ECF No. 1. Defendant filed a motion for summary judgment, arguing that the statements at issue are not capable of defamatory meaning or, in the alternative, that they are true. Def.'s Mem. Supp. Summ. J. 4, ECF No. 140. Because Pennsylvania courts apply much of the same analysis for both defamation and false light, the Court only applies the defamation analysis. See Hill v. Cosby, 665 F. App'x 169, 177 (2016) ("Plaintiff agrees with the court below that Pennsylvania courts apply the same analysis for both defamation and false light.")(internal quotations omitted).

As the Court has diversity jurisdiction in this case, the Court applies state substantive law. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). Here, the applicable state law is Pennsylvania defamation law.

Under Pennsylvania defamation law, the plaintiff has the burden of proving (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding of the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a); see also Banka v. Columbia Broad. Co., 63 F. Supp. 3d 501, 506 (E.D. Pa. 2014); Remick v. Manfredy, 52 F. Supp. 2d 452, 459-60 (E.D. Pa. 1999); Weaver v. Lancaster Newspapers, Inc., 926 A.2d 899, 903 (Pa. 2007). If the plaintiff establishes these seven elements, the defendant then has the burden of proving (1) the truth of the defamatory communication; (2) the privileged character of the occasion on which it was published; or (3) the character of the subject matter of the defamatory communication as of public concern. 42 Pa. Cons. Stat. Ann. § 8343(b).

In an effort to balance defamation law and First Amendment protections, however, a public figure plaintiff or a plaintiff suing for speech related to matters of public concern bears the burden of

proving the falsity of the communication. See Phila. Newspapers, Inc. v. Hepps, 475 U.S. 767, 775-76 (1986); Trivedi v. Slawecki, 642 F. App'x 163, 166 (3d Cir. 2016); Moore v. Vislosky, 240 F. App'x 457, 465 (3d Cir. 2007).

Courts, however, must first determine whether the challenged communication is capable of defamatory meaning. See Baker v. Lafayette College, 532 A.2d 399, 402 (Pa. 1987); see also Parano v. O'Connor, 641 A.2d 607, 609 (Pa. Super. Ct. 1994). To make this determination, the Court "view[s] the statements in context and determine[s] whether the statement was maliciously written or published and tended to 'blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or to injure him in his business or profession.'" Baker, 532 A.2d at 402 (quoting Corabi v. Curtis Pub. Co., 273 A.2d 899, 904 (Pa. 1971); see also Pierce v. Capital Cities Communications, Inc., 576 F.2d 495, 502 (3d Cir. 1978). Further, in evaluating whether a statement is capable of defamatory meaning, the Court must consider "the effect the [communication] is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate." Baker, 532 A.2d at 402 (quoting Corabi, 273 A.2d at 907). As a general matter, "Pennsylvania courts have shown a willingness to interpret [even] relatively mild statements as being capable of a defamatory meaning." Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co., No. 08-2434, 2008 WL 4771850, at *3 n.2 (E.D. Pa. Oct. 30, 2008).

For the following reasons, each of Defendant's statements is capable of defamatory meaning. Each statement is discussed in turn.

A. Defendant's September 23, 2015 Statement is Capable of Defamatory Meaning

On September 23, 2015, Defendant made the following statement in an Associated Press article:

> If the allegations in the civil complaint were contained with that detail in her statement to the police, we might have been able to make a case out of it . . . . Compl. ¶ 27, ECF No. 1.

When viewed in context and in the light most favorable to Plaintiff, this statement is capable of defamatory meaning. Specifically, the average reader could interpret Defendant's statement alongside his decision not to prosecute Mr. Cosby to mean Plaintiff lied, possibly for pecuniary gain. The implication that Plaintiff lied in her civil complaint is capable of defamatory meaning. See Smith v. Wagner, 588 A.2d 1308, 1311 (Pa. Super. Ct. 1991) (citing Corabi, 273 A.2d at 907) (discussing that a statement accusing a person of lying or certain crimes is capable of defamatory meaning).

3

Defendant argues that this statement is not defamatory for two reasons: (1) it is literally true or (2) it is an opinion. The Court addresses each argument in turn.

1. <u>Literal Truth Does Not Render Defendant's Statement Incapable of Defamatory Meaning</u>

Defendant points to certain inconsistencies between Plaintiff's statements to police and her civil complaint such as the date of events and how long she had known Mr. Cosby to prove that the "detail" in the civil complaint differed from the "detail" in Plaintiff's statement to the police. Other details, however, such as the fact that Plaintiff accused Mr. Cosby of digital penetration remained consistent. Plaintiff argues that even if the statement is literally true due to certain inconsistencies, this statement nevertheless creates a false implication. As Pennsylvania courts have previously held, "the literal accuracy of separate statements will not render a communication 'true' where . . . the implication of the communication as a whole was false." <u>Dunlap v. Philadelphia Newspapers, Inc.</u>, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)(internal citations omitted).

"Pennsylvania courts recognize that a claim for defamation may exist where the words utilized themselves are not defamatory in nature, however, the context in which these statements are issued creates a defamatory implication, i.e., defamation by innuendo." <u>Mzamane v. Winfrey</u>, 693 F. Supp.2d 442, 477 (citing <u>Thomas Merton Ctr., v. Rockwell Intern. Corp.</u>, 442 A.2d 213, 467 (Pa. 1981); <u>see also</u> <u>Bogash v. Elkins</u>, 176 A.2d 677, 679 (Pa. 1962); <u>Sarkees v. Warner-W. Corp.</u>, 37 A.2d 544, 545-46 (Pa. 1944)). Moreover, "[a]lthough the Pennsylvania Supreme Court has never addressed this theory of defamation-by-implication, courts applying Pennsylvania law have found that even where the complained-of statements are literally true, if, when viewed *in toto*, the accurate statements create a false implication, the speaker may be liable for creating a defamatory implication." <u>Mzamane</u>, 693 F. Supp.2d at 478 (citing <u>Allied Med. Assocs.</u>, 2008 WL 4771850, at *4 n. 3 (finding that defamation by implication is a cognizable legal theory under Pennsylvania law)).

Accordingly, the statement, even if literally true, when considered in the light most favorable to Plaintiff, creates a false implication—that Plaintiff lied in her allegation against Mr. Cosby in order to seek pecuniary gain. The Court also notes that Defendant does not argue that the implication (i.e., that Plaintiff lied regarding her allegations against Mr. Cosby for pecuniary gain) is true.

Because this statement creates a defamatory implication, it is capable of defamatory meaning, and summary judgment in favor of Defendant is not proper.

2. <u>Defendant's Statement is Not a True Opinion</u>

Defendant also contends, however, that this statement

4

represents a statement of opinion, which is typically non-actionable because "only statements of fact, rather than mere expressions of opinion, are actionable under Pennsylvania law." Mzamane, 693 F. Supp. 2d at 477. An opinion will only be capable of defamatory meaning and thus actionable if it must "reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." See id. (internal citations and quotations omitted).

Whether a statement is a "true opinion" or an actionable opinion is a question of law for the Court to decide. Id. at 481. Here, although part of the statement may well just be an opinion (i.e., "we might have been able to make a case out of it"), the gist of the statement communicates a fact: the allegations in the civil complaint contained a different "detail" than the statement to the police. See, e.g., Milkovich v. Lorain Journal Co., 497 U.S. 1, 18 (1990)(discussing how "expressions of 'opinion' may often imply an assertion of objective fact."). As previously discussed, that fact, when read in context, is capable of defamatory meaning because it implies that Plaintiff is a liar.

Even if the Court characterized the statement as an opinion, it would nevertheless be actionable because Defendant has not disclosed the basis for his assertion that Plaintiff is a liar. The mere fact that the civil complaint and statement to the police were technically publicly available does not mean that Defendant disclosed the justification for his opinion. On this point, Mzamane provides a helpful comparison. There, the Court found that the defendant's statement that she had "lost confidence" in the plaintiff was an actionable opinion because an average reader might conclude that the defendant's statement was based, at least in part, on undisclosed information that the defendant knew due to her position as the plaintiff's superior. Mzamane, 693 F. Supp. 2d at 481-82. Here, an average reader could similarly conclude that Defendant's opinion was based on undisclosed information he knew in his position as the former District Attorney.

For the aforementioned reasons, this statement is capable of defamatory meaning, and summary judgment for Defendant is not proper.

B. Defendant's September 14, 2015 Statement is Capable of Defamatory Meaning

On September 14, 2015, Defendant posted the following statement on Twitter along with an attached link to a Philadelphia Inquirer article:

> Inky: Cosby victim told police much different than she told court in her lawsuit. First I saw that in a story. Troublesome for the good guys. Not good. Compl. ¶ 31, ECF No. 1.

5

When viewed in context and in the light most favorable to Plaintiff, this statement is capable of defamatory meaning. Specifically, the average reader could interpret Defendant's statement that Plaintiff told police a "much different" story than she told in her civil complaint to mean Plaintiff lied, possibly for pecuniary gain, particularly when followed by statements like "[t]roublesome for the good guys" and "not good." As already explained, the implication that Plaintiff lied in her civil complaint is capable of defamatory meaning. See Smith, 588 A.2d at 1311 (citing Corabi, 273 A.2d at 907) (discussing that a statement accusing a person of lying or certain crimes is capable of defamatory meaning).

As with the September 23, 2015 statement, Defendant argues, that this statement is not defamatory because it is either literally true or an opinion. The Court is not persuaded by those arguments for much of the same reasons it was not persuaded by them regarding the September 23, 2015 statement. Each argument is discussed below.

### 1. Literal Truth Does Not Render Defendant's Statement Incapable of Defamatory Meaning

Regardless of the literal truth of Defendant's statement due to certain inconsistencies between Plaintiff's statement to police and her allegations in her civil complaint, this statement creates a false implication that Plaintiff lied in her allegations against Mr. Cosby to seek pecuniary gain. Indeed, an October 21, 2015 Associated Press article made that very inference: "Castor said last month that former Temple University employee Andrea Constand had enhanced her story when she sued Cosby, calling the alleged discrepancy 'troublesome for the good guys.'" Compl. ¶ 41, ECF No. 1. As with the September 23, 2015 statement, Defendant does not argue that the implication (i.e., that Plaintiff lied regarding her allegations against Mr. Cosby for pecuniary gain) is true. Accordingly, because this statement creates a defamatory implication, it is capable of defamatory meaning, and summary judgment in favor of Defendant is not proper.

### 2. Defendant's Statement is Not a True Opinion

Despite Defendant's argument that this statement is an opinion, for much the same reasons that the Court concludes that the September 23, 2015 communicated a fact, the Court concludes that this statement also communicates a fact. Although "[t]roublesome for the good guys" and "not good" are statements of opinion by themselves, the statement, taken as a whole, communicates a fact: Plaintiff told police a "much different" story than she told in her civil complaint. As previously discussed, this fact creates a defamatory implication that Plaintiff lied in her civil complaint. But even if the Court were to characterize this statement as an opinion, it would nevertheless be actionable because Defendant does not provide the basis for his opinion that Plaintiff is a liar. The linked article does not disclose Defendant's justification for this opinion, which may in part be based on undisclosed knowledge he had as the former District Attorney.

6

2. Defendant's Motion for Leave to File a Reply (ECF No. 142) is **GRANTED**.[2]

3. Defendant's Motion for Leave to File a Supplemental Brief (ECF No. 150) is **GRANTED**.[3]

4. Plaintiff's Motion for Leave to File a Response (ECF No. 151) is **GRANTED**.[4]

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

Defendant also tries to re-characterize this statement narrowly as a mere opinion about the linked article. But this argument is not persuasive when the statement is taken as a whole and viewed in the light most favorable to Plaintiff. Although the statement could be about either the linked article or Plaintiff, when a defamatory interpretation is possible, it is for the jury to determine whether the average reader would understand that defamatory meaning. Pelagatti v. Cohen, 536 A.2d 1337, 1345 (Pa. Super. Ct. 1987).

As such, summary judgment in favor of Defendant is not proper because this statement is capable of defamatory meaning.

[2]   The Court considered the arguments in Defendant's reply brief, attached to the motion as Exhibit A, in reaching its decision.

[3]   The Court considered the arguments in Defendant's supplemental brief, attached to the motion as Exhibit A, in reaching its decision.

[4]   The Court considered the arguments in Plaintiff's response brief, attached to the motion as Exhibit A, in reaching its decision.