**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA CONSTAND | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2:15-CV-05799-ER |
| v. | : | |
| | : | |
| BRUCE CASTOR | : | |
| Defendant. | : | |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant, Bruce Castor, by and through his attorneys Kane, Pugh, Knoell, Troy & Kramer, LLP, respectfully submits the instant pretrial memorandum.

**I.      The Nature of the Action**

This case was initiated with plaintiff's filing of a complaint on or about October 26, 2015. Plaintiff has sued defendant for defamation / defamation per se and false light[1].

By way of brief background, defendant was the district attorney in Montgomery County, Pennsylvania in 2005 when plaintiff accused William Cosby of sexual assault. As part of the investigation, plaintiff gave statements about the alleged sexual assault to the Montgomery County detectives and at least three other law enforcement agencies. In February 2005, the Montgomery County District Attorney's office made the decision not to charge Cosby. Thereafter, in March 2005, plaintiff filed a civil suit against Cosby which ended with a monetary settlement.

Plaintiff has now alleged that quotes attributed to defendant in late 2015 regarding the 2005 decision not to prosecute Cosby were defamatory, causing her to suffer great financial loss and damage as well as extreme emotional distress. Plaintiff claimed in her complaint that she "suffered in her business" and lost income related to the loss of clients in her massage practice; whoever, she has since withdrawn that claim.

---

[1] This case is before the Court on diversity grounds, therefore Pennsylvania law applies

**II.     Counter-Statement of Facts**

As the statement of facts in plaintiff's pretrial memorandum, which defendant received late yesterday afternoon, contains numerous "pejorative characterizations, hyperbole, and conclusory generalizations" in violation of Local Rule 16.1(c)(2) and this Honorable Court's instruction in the Order dated October 16, 2018 (ECF No. 153), defendant denies each and every allegation contained therein and refutes plaintiff's statement of facts in its entirety.

While the plaintiff's pretrial memorandum, like her complaint, makes an array of accusations against defendant, the majority of the allegations are impertinent and not material to the claims of defamation and false light and likely were included in an effort to distract from the reality that there is no real basis for any liability against defendant.  After removing the rhetoric from plaintiff's complaint, the allegations against defendant boil down to the below statements attributed to defendant:

1.     "If the allegations in the civil complaint were contained with the detail in her statement to the police, we might have been able to make as case of it."  *See* plaintiff's complaint, ECF No. 1 at ¶ 27.

2.     "Inky:  Cosby victim told police much different than she told court in her lawsuit.  First I saw that in story.  Troublesome for the good guys.  Not good."  *Id.* at ¶ 31.

The above statements are literally true. Defendant has already established that the multiple statements to the police in 2005 did not contain the detail contained in the civil complaint.  In addition, they are expressions of defendant's opinions.  The first statement was defendant's opinion about whether the Montgomery County District Attorney's Office would have been able to prosecute Cosby if the Montgomery County District Attorney's Office had been given a statement by plaintiff in 2005 which contained the consistency and detail of the March 2005 civil complaint.  The second statement contains an identical opinion, although the statement is commenting on information contained in a newspaper article.

This court has already determined that issues raised in the 2005 civil complaint brought by plaintiff against Cosby were a matter of public interest. In a July 6, 2015 opinion regarding the unsealing of the Cosby civil deposition, this court explained that the public has an interest in the "serious allegations concerning improper (and perhaps criminal) conduct" of Cosby.  *See* July 6, 2015 Opinion, ECF No. 105, in case 2:05-cv-01099-ER, at pg. 19. Further, plaintiff pleads that the statements attributed to defendant were made in the course of an election campaign, which is a matter of public concern. *Curinga v. City of Clairton*, 357 F.3d 305, 313 (3d Cir. 2004).  Moreover, the statements were offered by a former district attorney to help explain why a decision not to prosecute was made a decade earlier.  Because plaintiff is suing defendant for speech related to matters of public concern, she bears the burden of proving the falsity of the communication. *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775-76 (1986); *Trivedi v. Slawecki*, 642 F. App'x 163, 166 (3d Cir. 2016); *Moore v. Vislosky*, 240 F. App'x 457, 465 (3d Cir. 2007).

Similarly, a public figure must prove falsity of the alleged defamatory statements by clear and convincing evidence. *Tucker v. Philadelphia Daily News.,* 848 A.2d 113, 127-128 (Pa. 1994); *see also Ertel v. Patriot News*, 674 A.2d 1038 (Pa. 1996) (in response to a motion for summary judgment, plaintiff must produce evidence of falsity).  Here, plaintiff is a limited purpose public figure. In determining whether a plaintiff is a limited purpose public figure, courts consider whether the plaintiff "voluntarily inject[ed]" himself into the particular public controversy giving rise to the defamation. *See e.g. Iafrate,* 621 A.2d at 1007.  "[W]hen an individual undertakes a course of conduct that invites attention, even though such attention is neither sought nor desired, he may be deemed a public figure." *McDowell,* 769 F.2d at 949 (internal citations omitted).

Ordinarily, a victim of sexual assault would not be a limited purpose public figure by virtue of the celebrity status of the alleged perpetrator of the sexual assault.  Plaintiff is not a limited purpose public figure because she accused Cosby of sexual assault.  Rather, she is a limited purpose

public figure because she inserted herself into a public controversy when, on July 8, 2015, plaintiff filed a motion in her civil case against Cosby requesting that the confidentiality agreement be negated and that certain documents be released to "assist other women who have been victimized and bring awareness of the fact that sexual assault is not just committed with a gun or knife but is also committed by mentors who engage in exploitative behaviors."

## III.    Damages

To prove a defamation claim, a plaintiff must prove actual damages. *Jackson v. Rohm & Haas Co.*, 56 Pa. D. & C.4th 449, 467 (C.P. 2002), *citing Walker v. Grand Cent. Sanitation,* 634 A.2d 237, 241 (Pa.Super. 1993)*.*  Ms. Constand has not produced any evidence of actual damages. As limited purpose public figure, in order to recover at all, plaintiff must prove that defendant acted with actual malice, i.e., with knowledge that the statements were false or with reckless disregard as to whether they were false or not.  *See Gertz v. Robert Welch, Inc.* 94 S. Ct. 2997 (U.S. 1974).

## IV.    Witness List

1.  Bruce Castor - *Defendant, Liability Witness*
    c/o Kane, Pugh, Knoell, Troy & Kramer
    510 Swede Street
    Norristown, PA 19004

2.  Andrea Constand - *Plaintiff, Liability and Damages Witness*
    c/o Troiani & Gibney, LLP
    1171 Lancaster Avenue, Suite 102
    Berwyn, PA  19312

3.  Brian Miles - *Liability Witness*
    c/o Robert Adshead, Esquire
    1494 Old York Road, Suite 200
    Abington, Pennsylvania 19001

4.  Thomas Stoner – *Liability Witness*

5.  Diana Lisa Parsons – *Damages Witness*
    c/o Troiani & Gibney, LLP

1171 Lancaster Avenue, Suite 102
Berwyn, PA  19312

6. Stephen Michael Mechanick, M.D. - *Expert Witness– Causation and Damages*
c/o Kane, Pugh, Knoell, Troy & Kramer
510 Swede Street
Norristown, PA 19004

7. Custodians of records for all records identified as exhibits by any Party.

Additionally, defendant reserves the right to call any witness listed by plaintiff in her pretrial memorandum or in her disclosures. Defendant reserves the right to call any witness identified in discovery.  Defendant reserves the right to call any healthcare provider involved in plaintiff's treatment.  Defendant reserves the right to supplement this list up to and including the time of trial.

## V.      Defendant's Exhibits

| NUMBER | DESCRIPTION |
|---|---|
| D-1 | January 13, 2005 Ontario Police Report |
| D-2 | January 19, 2005 Cheltenham Township Police Department Investigation Interview Report |
| D-3 | January 22, 2005 Transcript of Montgomery County Police Interview of Andrea Constand |
| D-4 | February 9, 2005 Transcript of Montgomery County Police Interview of Andrea Constand |
| D-5 | February 17, 2005 Press Release of Montgomery County District Attorney |
| D-6 | Plaintiff's Complaint in *Constand v. Cosby* |
| D-7 | Clinical Notes of Kimberley Shilson, MA.C. - InsideOut Psychological Services |
| D-8 | Treatment Records of Jennifer Sprague, MA(c) - Mettamorphosis Neurotherapy Centre |
| D-9 | Treatment Records of Sutherland-Chan Clinic |
| D-10 | Employment Records of Sutherland-Chan Clinic |
| D-11 | Medical Records of Mount Sinai Hospital |
| D-12 | Records of AT&T |
| D-13 | Expert Report and Curriculum Vitae of Stephen Michael Mechanick, M.D. |
| D-14 | News Reports and Affidavit of Maryclaire Dale - Associated Press |
| D-15 | December 30, 2015 Press Release of Montgomery County District Attorney |
| D-16 | January 23, 2017 Deposition Transcript of Andrea Constand |
| D-17 | January 24, 2017 Deposition Transcript of Bruce Castor |
| D-18 | July 14, 2017 Deposition Transcript of Diana Lisa Parsons |
| D-19 | July 24, 2017 Deposition Transcript of Brian Miles |

| D-20 | Deposition Transcript of Thomas Stoner |
|---|---|
| D-21 | December 1, 2016 Deposition Transcript of Judge Risa Ferman |
| D-22 | Notes of Testimony and Exhibits from Hearing on Petition for Writ of Habeas Corpus in *Commonwealth v. William H. Cosby, Jr*., February 2-3, 2016 |
| D-23 | Testimony of Andrea Constand in *Commonwealth v. William H. Cosby, Jr*., June 6-7, 2017 |
| D-24 | July 6, 2015 Opinion of Judge Robreno in the matter of *Constand v. Cosby* |
| D-25 | June 17, 2017 Press Release of Bruce Castor |
| D-26 | Article: "Ex-prosecutor wanted to charge Bill Cosby but lacked evidence" Cnn.com, November 19, 2014 |
| D-27 | Article: "More to Cosby Prosecution Than Meets the Eye" The Legal Intelligencer, January 12, 2016 |
| D-28 | Article: "Why Couldn't the Cosby Jury Reach a Verdict? Legal Experts Assess" New York Times, June 17, 2017 |
| D-29 | Article: "Andrea Constand's Story: Will It Send Bill Cosby to Prison?" New York Times, May 17, 2017. |
| D-30 | Article: "The Latest: Cosby Lawyers Scour for Inconsistencies" AP News, June 7, 2017 |
| D-31 | Article: "At Bill Cosby Trial, Andrea Constand Battles Defense Lawyers" New York Times, June 7, 2017 |
| D-32 | Article: "Bill Cosby trial Day 3: 'He betrayed her:' Andrea Constand's mom takes stand" The (Wilmington) News Journal, June 7, 2017 |
| D-33 | Article: "'I said, I trust you": Bill Cosby accuser Andrea Constand takes the stand" The Washington Post, June 6, 2017 |
| D-34 | Article: "Defense challenges Bill Cosby accuser Andrea Constand: 'You changed your story'"" The Washington Post, June 7, 2017 |
| D-35 | Article: "Cosby Trial: Andrea Constand Testifies That Comedian Sexually Assaulted Her" Nbcnews.com, June 13, 2017 |
| D-36 | All Pleadings and their exhibits |
| D-37 | All Motions and Petitions filed with the Court in this matter and their exhibits |
| D-38 | All written discovery produced by plaintiff and defendant |
| D-39 | Demonstrative exhibits |

Defendant reserves the right to supplement this list, enlarge any exhibit, and use any exhibit listed by plaintiff. Defendant also reserves the right to introduce into evidence at trial any and all other discovery exchanged between the parties, as well as pleadings, deposition transcripts and exhibits thereto.

## VI.     Length of Trial

Defendant estimates that trial in this matter will last three to four days.

## VII.    Special Comments

Because plaintiff is suing defendant for speech related to matters of public concern, she bears the burden of proving the falsity of the communication. *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775-76 (1986); *Trivedi v. Slawecki*, 642 F. App'x 163, 166 (3d Cir. 2016); *Moore v. Vislosky*, 240 F. App'x 457, 465 (3d Cir. 2007).

Because plaintiff inserted herself into a matter of public controversy, she is a limited purpose public figure and must prove that defendant acted with actual malice in order to recover.

Respectfully Submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY:   /s/ Robert Connell Pugh, Esquire
Robert Connell Pugh, Esquire
Justin A. Bayer, Esquire
Attorney ID No. 62566/93546
510 Swede Street
Norristown, PA  19401
Phone:  610-275-2000
Fax:  610-275-2018
Email:  rcpugh@kanepugh.com/jbayer.kanepugh.com
*Attorneys for Bruce Castor*

Date: 11/6/18